Battle, J.
Tire contract, the execution of which the plain-, tiff seeks to enforce, was entered into on 31st of October, 1836. The distributive share of Joseph Washburn in the personal *411 estate of William Smith, deceased, was ascertained at the August Term, 1841, of the County Court of Eoclringham, and the defendant then became liable to the plaintiff for whatever he was entitled to claim under his contract. The real estate was sold, according to the plaintiff’s statement, in the year 1843, the hill was filed April, 1854, more than ten years after the plaintiff’s right of action accrued, and we cannot discover any thing to prevent the presumption of payment, satisfaction or abandonment, from being applied to it, under the 13th and 14th sections of the Eevised Statutes, chapter 65. The alleged payments on the bond in 1843 and 1844, which the plaintiff had given to the defendant in January, 1841, rather favor than repel this presumption ; for why should he pay money to defendant, when the latter had in his hands a much greater amount, to which he was entitled ?
The declaration made by the defendant, when the written contract was shown to him, in 1853, “ that it was not as strong against him as he thought it was,” cannot be allowed to repel the presumption which the statute raises. It is manifest, that the beneficial operation of the statute would be lost, if such loose expressions of a party were allowed to defeat its object.
Pee Cubiam. The bill dismissed with costs.